UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

APRIL MAY BROWN,

    Plaintiff,

v.

AUBURN DETENTION FACILITY, *et al.*,

    Defendants.

CASE NO. C07-694RSM

ORDER DECLINING TO
SERVE COMPLAINT
AND GRANTING LEAVE
TO AMEND

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") in this case. She is not currently incarcerated. Although it is not entirely clear from the Complaint, plaintiff appears to allege three bases for her action pursuant to 42 U.S.C. § 1983. First, she alleges that the Auburn Police Department has failed to enforce a valid Anti-Harassment Order against her neighbors. Second, she alleges that during a previous period of incarceration at the Auburn Detention Facility she was denied her mental health medications, which resulted in the deterioration of her mental state, and an involuntary guilty plea. Finally, plaintiff argues that the Auburn Municipal Court set an unnecessarily high bond amount for her release, which also contributed to an involuntary guilty plea.

Plaintiff names as defendants in this action the Auburn Detention Facility, the Auburn Municipal Court, the Auburn Police Department, and the City of Auburn. The role of each of

ORDER DENYING SERVICE
PAGE – 1

these defendants is not clear. Plaintiff now seeks an Order for monetary compensation for pain and suffering and punitive damages.

The following principles of law apply to this § 1983 action:

- In order to sustain a cause of action under 42 U.S.C. § 1983, plaintiff must show that (i) she suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) the violation was proximately caused by a person acting under the color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the Complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

- Rule 8(e) of the Federal Rules of Civil Procedure requires that plaintiff's allegations be "simple, concise and direct." Fed. R. Civ. Proc. 8(e); *see also McHenry v. Renne*, 84 F.3d 1172, 177 (9th Cir. 1996). A complaint that fails to meet this standard may be dismissed with prejudice. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Allegations must be sufficient to provide defendants with "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

- Plaintiff cannot maintain a § 1983 claim if success on that claim would necessarily imply the invalidity of a prior criminal conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If plaintiff wishes to challenge a state court conviction, she may do so by filing the appropriate habeas corpus petition.

The Court, having reviewed plaintiff's civil rights Complaint, and the remainder of the record, does hereby find and ORDER:

ORDER DENYING SERVICE
PAGE – 2

(1) The Court declines to order that plaintiff's Complaint be served until she corrects the following deficiencies:

    (a) Plaintiff must name specific individual defendants, clarify the roles of those defendants in the alleged incidents, and show how they acted under color of state law. If plaintiff is not aware of the identities of the defendants involved, she may reference them by title or position.

    (b) Plaintiff must clarify whether she is complaining about a condition of her previous confinement, or whether she seeks to challenge the confinement itself. If she seeks the latter, that is beyond the scope of a § 1983 action. The Court reminds plaintiff that if her claim does not challenge the *conditions* of her confinement, but rather challenges the *validity* of her confinement, the claim must be brought as a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

    (c) Plaintiff shall SHOW CAUSE to this Court why it should not dismiss the allegations that the Auburn Police Department failed to enforce an Anti-Harassment Order against her neighbors. This does not appear to be a valid basis of a § 1983 action, as plaintiff identifies no constitutional right which has been violated by the alleged action, and the court is not aware of any right implicated by these allegations.

    (d) Plaintiff shall provide adequate proof that she has exhausted all administrative grievance procedures prior to filing the instant action. Although plaintiff alleges that she has pursued such relief, she attached no evidence of any grievance filed, or the resulting action taken by defendants.

(2) **If plaintiff chooses to continue with this lawsuit, then she must file an Amended Complaint curing the above-mentioned deficiencies no later than 30 days from the date of**

ORDER DENYING SERVICE
PAGE – 3

1 **this Order.  The Amended Complaint must carry the same case number as this one.  If no**

2 **Amended Complaint is timely filed, the Court may dismiss this matter.**

3     (3)  The Clerk of the Court is directed to send a copy of this Order to plaintiff.

4     DATED this 16 day of May, 2007.

                                 RICARDO S. MARTINEZ
                                 UNITED STATES DISTRICT JUDGE

ORDER DENYING SERVICE
PAGE – 4